Cottingham v. HHS Cottingham v. HHS Good morning, your honors. My name is Drew Downing. I'm here today on behalf of the petitioner appellant in connection with a case that's had a very odd route through the appellate special masters in the vaccine program and the court of federal claims should use as the standard for finding reasonable basis for a claim made in the program. You were unable to provide any medical testimony that the symptoms experienced were a result of the Gardasil vaccination. That gets to the heart of the argument, I think, your honor. You're right. None of the treating doctors said that this particular vaccination was the cause of this young woman's complaints. Basically, what you're saying is, well, we should have had time to look. No, that's not it, your honor. I think the problem here is when you look at what evidence is required to be filed with a petition in the first place, you have to file evidence of a covered vaccination. You have to file, show evidence that the symptoms persisted for longer than six months. You have to show evidence of injury, evidence of injury consistent with what is being claimed in the petition. You have to be able to articulate a rational basis why the two might be connected, but you don't have to prove causation. There should not be any requirement for reasonable basis where a petitioner has to show that a treating physician said that the injuries were caused by the vaccination as this court has held previously. That rarely ever happens. That could be true, that you don't have to prove causation. Just putting that to the side, you have to present some evidence of causation. There may not be sufficient evidence to prove causation, but there's got to be at least a scintilla of evidence. Well, I think where you come out on that, your honor, is you have to show for reasonable basis, you have to show that the claim is feasible. Not that there's a likelihood of prevailing, not that, as I said a minute ago, not that the medical chart reflects vaccine causation. In vaccine cases, I've been doing this a long time, that almost never happens. Sure. I mean, that's what discovery, expert testimony, all that stuff is for the actual proof of causation. But isn't the real gist of this case is what you have to show in your initial claim before the special master on causation. And it seems to me you're arguing that lay testimony or attorney argument is sufficient in the first instance, and the government is not requiring you to prove it, but is saying you have to have at least, to quote my colleagues, a scintilla of competent medical evidence. And what's wrong with that argument? Well, I think that what you have to show, again, I don't think in order to just establish reasonable basis for bringing a case in the first place, I think what you have to show are all of the items that are required to be filed with the petition in the first place. The medical record in this case- Why is it a reasonable basis when your only argument about causation is a lay person? I think your problem is that you're mixing rule 11 and there's no question. Counsel reasonably thought something with the causation requirement because just because counsel reasonably thinks something isn't enough, I would think. Well, and I think you're right. I don't think the attorney's argument in and of itself, and standing alone, wouldn't get you there. But all you have here is the parent, right? That's the only evidence you have on causation is the parent. Well, the evidence that in using this specific case as an example, what you have here is you have under oath testimony from the parent in form of affidavit supporting the allegations, supporting the onset, supporting all that. Well, sure. Look, the parent can certainly competently testify to their child got a vaccine. Their parent can likely competently testify to certain symptoms and to the timing. But can the parent ever competently testify to actual causation? Absent expertise. Right. Exactly. No, I don't think they can, but I also don't think that that is required, again, for establishing reasonable basis. You don't think there's even a scintilla requirement that there has to be some indication somewhere in the record at the time this case was filed that the vaccine caused- I do not. And your honor- At least a doxing could be? No, I don't think that is a requirement for reasonable basis, and I'll tell you why. What does the word reasonable mean, if that's the case? Yeah, there has to be, and I think that there's not much authority on defining this term in the vaccine program. But what the court has said previously is you're not looking at the likelihood of success. You're looking at the feasibility for bringing the case in the first place. But if there's no evidence whatsoever, no competent evidence whatsoever on causation, how is it feasible? It's feasible for the following reasons. So the claim, first of all, satisfies all the jurisdictional requirements. And what you have is a medical chart filed on this young woman that completely corroborates her under oath testimony. That's what Judge Williams found in Cottingham too. She said- It doesn't corroborate the causation. It doesn't corroborate medical- It doesn't speak to causation at all. That's right. It does not. But again, that cannot be the test for reasonable basis. It simply can't. Medical charts rarely include that type of evidence on a petitioner. That's why you have medical testimony of some sort. Well, that's why you have experts. Yes. And what happens in this case is you have evidence of the vaccination, evidence of the injury claimed. You have all of the requirements until we went to retain an expert. And admittedly- You seem to be arguing basically that there's a timing test. And if they can show that a vaccine was given and certain symptoms came within a certain time of that vaccine, that that's enough to file a claim. I don't know- And I asked you that question at the beginning and you said no. No. Temporality is important, but in and of itself doesn't get you there. What does get you there is- But if the parent is not qualified, and let's just assume this parent is not qualified to make any statement about causation, then how do we have anything but timing here? So we have a covered vaccine in the program. We have specific injuries that are reflected in that vaccination's product monograph during clinical trials and post-marketing experience. We cited medical literature supporting the connection between the two simply to show the special master that we had done our due diligence and that these types of things have been reported following this specific vaccination. As the special master should have done, we got to the point where it was time to get experts. Once an expert wouldn't opine, we dismiss the case. That case still has reasonable basis for all of the reasons we said. And if this court is looking for medical causation to be reflected in treating doctor's records, that's going to eliminate 95% of the viable cases in the vaccine program. We're not looking for proof of causation. We're not- Right. Okay. We're not. Let's say we're not. But we are looking for something that links causation. What would that be in your case? Well, I think you have to look at everything in our case, which is what I'm saying. You have the vaccination timing is important. It's not the only thing, but timing is important. You have the vaccination. Now, none of her treating doctors said in her medical chart that they believe the vaccination caused it. But you can look at all of that evidence to answer one question, not causation, feasibility. Would it be feasible that I, as petitioner's counsel, could go retain an expert in autonomic dysfunction, dysautonomia, this particular type of condition, who would opine? It absolutely is feasible based on this record. And that's what you're looking at. You cannot look for medical causation in the notes. But clearly, the special master looked solely for that. And so did Judge Williams on the, unfortunately, the third time it went up for review. Because special master Moran, in his decision, says the key is causation. And then he points out two things. We didn't have a treating doctor. We didn't have an expert. And that is not the standard for reasonable basis. Why isn't it reasonable, though, to expect counsel to at least talk to a medical professional and get some kind of input? Well, I think the reason- I'm not asking for formal expert sub-testimony submission. But why isn't that reasonable? Well, I think if you- if the requirement is then that petitioner's counsel has to consult with some sort of expert in the field prior- Or ask the treating physician and say, do you have any reason to believe that this was causative? Well, the second one is easier than the first. The second one, as far as the treating physicians go, is they typically will not answer that question. Risk management won't let them get involved beyond what their medical chart says. It could, in some instances, be reasonable to consult with an expert prior to filing. That costs money. And frankly, I would only do that in a case where it was clear that we were going to be moving on- that was going to be my expert. The only reason I would do that would be to answer- to finish answering your question, Your Honor. The only reason I would do that would be to glean specific language for my petition, as far as what the theory might have been. Isn't that the point of reasonable basis, though? That you have to at least undertake some minimal investigation. You can't file a purely speculative case based upon some kind of lay notion that this might have caused this, and then seek to shift the cost to the government for that initial exploration. I mean, you referenced like 95% of the cases, but it seems to me that in most of these cases, when you file them, you do go on and get expert testimony. And even if it's not sufficient, you ultimately end up getting your attorney's fee, because there was a reasonable basis. This seems to me to be one of those rare cases where there's no evidence whatsoever linking this vaccine to the child's condition here. And I think you raise an important point, Your Honor, because this- I want to contrast this case with this court's pronouncement in Simmons. Simmons is sort of what started all of this, as far as the courts being more strictly in their review. And the difference in Simmons is that the petitioner's counsel, petitioner, didn't submit anything. No affidavit, no medical records reflecting the injury, no proof of vaccination, nothing. And this court said, you have to at least submit something. You've got to present some reason, some evidence, why you think it could be a feasible case. And we've done that here. Evidence includes the proof of vaccination, the witness statements, the medical chart that reflects the injuries that are being claimed. The only missing piece of the puzzle is vaccine causation. If that was in this particular record, there'd never be a question about reasonable basis, because I'd have the treating physician say it was vaccine-related. We'd probably go on and start trying to resolve the case. I'm running out of time. Yes, you are. But that's good. I'm going to restore your time, because we need to get to the bottom of this. Mr. Johnson. Yes, good morning, Your Honors. May it please the court. Mr. Downing began with what is required to be filed with a petition, and I'm going to start there as well, because I think it is an appropriate place to start. And I believe this is actually where Congress provided a roadmap for what constitutes a reasonable basis for filing a petition. And this is Section 11C specifically, which sets out the section that's titled Petition Content. And this is the section that specifies what is supposed to be included with every petition that's filed in this program. And the section begins in paragraph one, except it's provided in paragraph three, an affidavit and supporting documentation. So that is the type of evidence that is supposed to be filed with a petition, both an affidavit and supporting documentation. And then there are a number of different elements that Congress has included that a petitioner is supposed to prove in order to be entitled to compensation. I believe Mr. Downing represented that section. This does not include proof of causation, but that is actually not correct. If the court will look at paragraph small c, large one, capital C, and then it's Roman numeral two, they're supposed to include documentation, supporting documentation that the person sustained or had significantly aggravated any illness, disability, injury, or condition not set forth in the vaccine entry table, but which was caused by a vaccine referred to in subparagraph A. Sure, we all get that this is, the petition requires or is required to have a causation element. But the argument, and it's not clear to me, that what is required for a reasonable basis under the attorney's fee statute. Correct. And I think that is because the statute doesn't define the term reasonable basis, that is what has caused a lot of confusion with the special masters and with the... And you agree that this is not a 12D6 standard or the like. This is a pretty minimal standard to encourage people to participate in this program. Correct. But I think that what Congress is envisioning and intending is that a petition will include some supporting documentation to address each of the elements that are set forth in section 11C. How do you square your argument with the Simmons case? We actually believe Simmons settles the issues that are presented in this appeal. Simmons and this court determinants are held in Simmons that the reasonable basis analysis is an objective inquiry that pertains to the merits of the claims set forth in the petition. And then Simmons, the court affirmed the Court of Federal Claims determination that that case lacked reasonable basis because there was no evidence presented of an injury caused by vaccination. But as your friend points out, there is no evidence presented whatsoever here. He's got a... Yeah, I know. We can go about that. This is not a big point to discuss in Simmons. He's got a lot of evidence here. Essentially, he's got everything except medical evidence about causation. Which is the most critical issue in the case. But is it critical for a reasonable basis or for ultimate proof of the claim? Sure, what he filed is never going to win in this case. But is it a reasonable basis to start a case and then proceed? And this is where we differ on what the term feasibility should relate to. Mr. Downing, I think, characterized that as, is it feasible to allow the counsel to go on and continue investigating the case? Our view of feasibility is that, is it feasible for a special master to find for petitioner on this record? Not has the petitioner satisfied the preponderance standard, but is there, as you said, a scintilla of evidence addressing each of the essential elements? That sounds awful close to a 12B6 standard. And I think you would agree that it's not that high, is it? I think that there has to be, for the claim to be feasible, there has to be some scintilla of evidence. The word possible for feasible. Exactly. I mean, possible means that there is something that a special master could rely on. It doesn't, and it gets, in the section 11C, I think, it gets the petitioner in the door. Would you accept the presiding judge's use of the word scintilla? Yes. I mean, I think that that's where the special master has some discretion in determining whether, if evidence is submitted, does it rise to the level of establishing reasonable basis? But that's not even the case that we have here, because there was no evidence of causation. Well, I want to ask you about that. But does it always have to be up to the discretion of the special master? I mean, here's why I'm asking you this, because this is, one, it seems like this is a relatively new vaccine. There isn't a lot of scientific proof on this out here that he can just go find an article in the literature referencing this. But he did point to, and I admit I overlooked this a bit, he did point to the symptoms or the possible side effects of this vaccine in, apparently, its accompanying literature, and pointed out that these side effects match up with, at least in part, with the record evidence here. Why isn't that confident evidence that the vaccine might have caused these symptoms? I think this, again, goes to what I think the question you were asking about. Does an attorney's interpretation of the medical literature— I'm not asking you about the attorney's representation. I mean, you're not disputing, I assume, that the product literature accompanying this vaccine. And again, I overlooked it, so I would have to go back in the record to check and see whether his representations are accurate. But most vaccines come with a list of, you may have these symptoms, not on everybody, but you may have them. It comes with every vaccine, right? And so this one has a package insert, and those are symptoms— And those are based upon medical evidence, presumably. They are based on reports of symptoms that occurred after vaccination. They are not necessarily the results of studies looking at whether there is an association. Sure, but the company is not going to put those out unless it's at least somewhat assured that those are actually going to happen, are they? I mean, they're going to be over-cautious. I think the manufacturers are required to post-vaccine. So part of those symptoms were headaches, fainting, menstrual problems, and it seems to me that they set that out. At least they made that. The problem is the timing of the symptoms based on the facts of this case. But that would go to the merits. That would go to actually proving causation. We're talking about timing. But they do have some evidence in the record that the child was vaccinated. Your Honor, there is evidence that there were headaches by petitioner's own sworn affidavit four months post-vaccination. There were two episodes of fainting, eight and 10 months after vaccination. There were menstrual problems about a year and a half after vaccination. Yeah, but those match up to the symptoms in the schedule. Whether it's enough to prove causation, that's another issue. That's not the reasonable basis that we're looking at. But no one has said that those symptoms were caused by the vaccine. That is the problem. So your view is that even taking those symptoms and the accompanying product information is true and sufficiently tied to the vaccine, there still has to be one further step that it's feasible in the specific case to connect the vaccine to the symptoms and that there's just no objective evidence here. There's no objective evidence, as Simmons termed it. Absolutely. That is exactly our point. What's the legal authority for that? Simmons. That this court said in Simmons that this is an objective inquiry. It's not based on what possibly could happen. And I think that the special magistrate even addressed this below because Mr. Downing made this argument that had he got an expert, it's possible that the expert could have made a causal connection and that established a reasonable basis. That's certainly possible, but that is not the type of objective inquiry that this court imagined in Simmons. Can you think of any type of evidence that would satisfy this causation requirement without resort to expert, to pre-filing investigation with an expert or the doctors? Absolutely. We see cases all the time where physicians, within their records, say this is possibly a post-vaccination reaction, draw some kind of connection. And typically we would not make a reasonable basis objection in those types of cases because in our view, there is at least some scintilla of evidence connecting the vaccination and the injury. We don't have that here. And so that is where this case is different than the other types of cases where you do have some evidence from a treating position making, even if it doesn't lay out a fulsome theory of causation that would be sufficient to satisfy the Alton requirements, it at least provides some basis for the petitioner to say there's evidence that would support this case moving forward. That's a useful representation by the government. So unless the court has further questions. No, sir. Thank you. Mr. Dunn, you have four minutes. Mr. Dunn, you have a lot of experience in this area too. Is that your experience that if the treating physician has said in the notes, this could be related that the government will accept that as a rule? I think as a general rule, Mr. Johnson is right. I think that is true. If the treating doctors have said possibly caused by vaccination or whatever in their chart, we wouldn't be here probably. Thank you. But as I said in my initial argument, that doesn't happen very often. It does happen. There are cases where the treating doctors will say that. It doesn't happen very often. Physicians are loathe to attribute causation to vaccination until... Your friend says they say it. Yeah, it does happen. I'm not suggesting that. But my point is this, your honors. I think Simmons did not overrule a more totality of the circumstances type test. Yes, there does have to be objective evidence in the record. We have that here. We have a lot of objective evidence. The affidavits, the vaccination record, the medical records, the product monograph, and so forth. And your honor, I was going to... But again, I think I tend to agree with you that Simmons... First of all, I can't really overrule an en banc decision, but I think it was reading it in context. It's talking about whether you can use timing alone and things like that. There still has to be some objective medical evidence though to form a reasonable basis. I mean, this seems to me... The government may be trying to use this to get a broader principle, but this seems to be to be a very narrow case in which there just is nothing here that supports the causality. I agree with you. You have everything else, but there's nothing that supports linking on these facts, the vaccination with these symptoms that have occurred, some of them significantly later than the vaccine. They are, your honor. So what I would look at in that instance, and again, I acknowledge I don't have a treater here that has linked the two causally. Instead, what you have is you have a healthy young woman, pre-vaccination, receives a vaccination, manifests a certain types of injuries and so forth that are, again, reflected by the manufacturer. And it wasn't just the post-marketing experience. Mr. Johnson was talking about that. It's the clinical trials. We get all the facts here. We understand that. I guess the question for me is, you're asking us to make, at least at this stage, allow you to make an inference based upon the vaccine and the product literature, but there's no real proof of timing or whether this is insufficient time. You want that to be enough. The government wants you to do at least some initial work to provide at least a possible explanation from any qualified medical profession on that. And that, I mean, they do point to the statute and it does suggest that that's what's required in the petition. And so if the petition requires all of those elements, then why don't you have to have at least some kind of possibility in the petition on all of those elements to establish a reasonable basis? I think you, and I don't disagree with that. I think you have to show objectively at the time that, and I think we're speaking about different things whenever they talk about causation. From the petitioner's standpoint, what we have is the vaccination, medical records documenting the harm. The harm began post-vaccination. Now the missing piece of the from a treater or from an expert. And I think that... I mean, it's not... Not just testimony, but reflected in the record. I mean, you don't have anything to show that it was caused by the vaccine, which is the language of the statute. Right. From the treaters, none of that is in there. And let's just assume that the layperson testimony, the mother is just not sufficient. I think that we can argue about that, but that would be, I think, a fair assumption that you just can't have parents without any training saying this vaccine caused these events sometimes later. So again, once we get to that point, aren't you just asking for, I'm sorry, I'm taking you over time, an inference? Well, I think at that point, like I said earlier, if we had causation reflected in the medical chart, we probably wouldn't be having a reasonable basis discussion. I get it. But if you don't have causation reflected, then why isn't it appropriate under these statutes and the reasonable basis statute to require you to get at least some opinion? And it may not be formal like, and I understand it's money, but before you file the complaint. Well, I think a perfect example of that, Your Honor, is, and I may pronounce it incorrectly, it's in both sides briefs, I think the Pereira case. That case is very similar to this one in the sense that the case proceeded along, the court ordered counsel to get an expert, and counsel didn't get a very good one. The expert's opinion wasn't grounded in fact, it wasn't based on the records, it was just wholly speculative. The court there had a status conference with them and said, that's not going to be sufficient. So if you proceed forward and I'm not convinced, you're going to not have reasonable basis. And that's exactly what happened. The court found they had a reasonable basis up to that point. But at least there they had that expert opinion that was possible, even if it was after the fact determined to be wholly unreliable, there was something there. There's just nothing here. That expert opinion was so unreliable that the court found that that reasonable basis was lost the instant that that opinion hit the lawyer's desk. But without it, there would have been no reasonable basis whatsoever. But the court awarded fees. Look, here's my problem. It seems to me, and maybe you're not doing this, but it seems to me that you're arguing for some variation of a knowledge timing test that just doesn't appear to be in the statute. And Congress knows how to enact these kind of knowledge timing tests. They do it all the time for other programs. They do it in Veterans Benefits, where if you were in Vietnam and you have a list of diseases, you don't have to prove compensation. They do it in the whistleblower context. If you make a disclosure within a certain amount of time, compensation is presumed. And I just don't see how we read that into the statute when it's not there. Let me, and I know I'm over, so let me describe where I think that, to answer your question, this plays out. I think special masters clearly have discretion. They have discretion on a case-by-case basis to decide whether or not reasonable basis exists. That's well settled. The problem with how Special Master Moran handled this is he looked solely for causation. He looked at whether or not the treating doctors connected it and whether or not there was expert testimony. Instead of the first time it went up to Judge Williams in Cottingham II, she said, look, you need to look at the whole thing. Now, Simmons was still an issue in that from a medical record requirement. Did the medical chart corroborate the allegations being made? Did they corroborate the injuries being claimed to be due to the vaccination? Certainly, the only missing piece is causation. But again, you don't need that for reasonable basis. That cannot possibly be the standard to evaluate a case at the outset as far as whether a treating doctor says or thinks it might be vaccine-related. Given the history of this case, even if we were to agree with you, assuming that we agree with you, what would happen? We would remand so that the special master can look at the case again and not with the causation lenses. And the special master will make a reasonable basis determination, which we would review under what, substantial evidence? I mean, where does that leave you? Well, I think the first part... In fact, where does that leave you with respect to the fees? I think the first part of your question is you're right. I think from the appellate and petitioner standpoint, that is what should happen. Remember, the procedural history here is when Judge Williams saw it for the first time, she remanded it back to the special master for that exact reason. And at that point in time, the special master looked at the case and said, well, if that's what I'm supposed to do, I think the affidavits satisfy a reasonable basis all by themselves. And he awarded fees. Respondent took that up and special master made some errors about Simmons and stuff in that opinion, and that triggered another reversal and a remand back. And then he flipped and denied fees. So it'd been the same record the whole time. I almost think that that level of a procedural disaster that we've had in this case reflects that there's a question here about whether or not this case has reasonable basis. But you're absolutely right, Your Honor. I do think that's what should happen. It should be remanded back to the special master to look at the evidence as a whole. Wouldn't this all depend upon how we were reviewing Simmons or what we think Simmons means versus what the special master thinks? Yes. I think the vaccine program participants on both sides need some clarification there. I should have asked your point too, but does Simmons mention causation anywhere in that? Not when it talks about the evidence that's required. Instead, if I remember correctly, Simmons says, as I mentioned earlier, there must be some evidence. There must be some objective evidence. And I think the way Simmons phrases it is evidence of injury. I don't believe Simmons says anything about requiring causation evidence. And that is, I think, partly what has taken us down this path over the last two or three years is one camp wants to look at it. It's purely causation. If you don't have causation, you don't have reasonable basis. And the other camp, the petitioner side, looking at it as the special master should be able to look at everything, the novelty of the vaccine, the medical records, the complaints, the product monograph. All of that is evidence that is filed in this case that supports the feasibility of the case going forward in the first place. Okay. We thank you for your argument. So we thank all the parties for recess. All right. The honorable court is adjourned for tomorrow morning. It's an o'clock a.m.